IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ZERITA L. ROSS, *et al.*,                          *

    *Plaintiffs*,                              *

    v.                                      *    Civil Action No. RDB-24-2414

ERIE INSURANCE EXCHANGE, *et al.*,     *

    *Defendants*.                            *

\*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*

**<u>MEMORANDUM ORDER</u>**

In this federal civil rights action, Plaintiffs Zerita L. Ross ("Ms. Ross") and her company, Ross Insurance Agency, Inc. ("Ross Insurance") allege that various Erie Insurance companies and an individual employee of those companies racially discriminated against them in violation of 42 U.S.C. § 1981. Pursuant to several agency agreements, Plaintiffs sold Erie insurance to customers in Maryland between 1998 and August 21, 2020. They allege that, during this period, they experienced racially discriminatory commission reductions, oversight, and, ultimately, termination of their agency agreements. In two previous orders, this Court dismissed Plaintiffs' claims under 42 U.S.C. § 1981 for failure to state a claim for relief. *See* (ECF Nos. 25, 26, 39, 40). Most recently, by Memorandum Opinion and Order dated February 9, 2026, this Court dismissed the § 1981 claims with prejudice as untimely under the applicable four-year statute of limitations. *See* (ECF No. 39). As relevant to that dismissal, this Court concluded that Plaintiffs allege discrete acts of discrimination for which the statute of limitations accrued, at the latest, on May 14, 2020, when Plaintiffs received notice of termination to become effective August 21, 2020. (ECF No. 39 at 1, 3.) On March 11, 2026,

Plaintiffs appealed that dismissal to the U.S. Court for the Fourth Circuit, (ECF No. 41), and that appeal remains pending at this time.

Now pending before this Court are Plaintiffs' Motion for Relief From Judgment Under Rule 60(b)(6) (ECF No. 44) and accompanying Motion for Indicative Ruling (ECF No. 44-1) (collectively, "Plaintiffs' Motions"). Plaintiffs seek to reopen this matter and file a second Amended Complaint to address exceptions to the statute of limitations. Defendants Erie Insurance Exchange; Erie Insurance Company; Erie Insurance Property & Casualty Company; Erie Family Life Insurance Company; Flagship City Insurance Company; Erie Insurance Company of New York[1] (collectively, "Erie Defendants"); and Kristopher Marrion ("Mr. Marrion") have responded in Opposition (ECF Nos. 47, 48), and Plaintiffs have replied (ECF No. 49). The parties' submissions have been reviewed, and no hearing is necessary. Loc. R. 105.6 (D. Md. 2025). For the reasons set forth below, Plaintiffs' Motions (ECF Nos. 44, 44-1) are DENIED.

## BACKGROUND

### I.    Factual Background

This Court has already recounted the factual background of this matter in its prior Memorandum Opinion dismissing this case with prejudice. *See* (ECF No. 39 at 2–9.) Accordingly, the below background offers a brief overview of those facts relevant to the timeliness of Plaintiffs' § 1981 claims and their pending Motions. Ms. Ross is an African American woman who serves as principal of Ross Insurance. (ECF No. 27 ¶¶ 3, 13.) Between

---

[1] As this Court noted in a previous Memorandum Opinion in this case, Erie Insurance Company of New York was not a party to the original Complaint in this matter. It was added as a defendant only when Plaintiffs filed their Amended Complaint on April 25, 2025. *See* (ECF No. 39 at 2 n.4).

September 1, 1998, and August 21, 2020, Plaintiffs sold insurance in Maryland for various Erie Insurance companies, including Defendants Erie Insurance Exchange; Erie Insurance Company; Erie Insurance Property & Casualty Company; Erie Family Life Insurance Company; Flagship City Insurance Company; Flagship City Insurance Company; and Erie Insurance Company of New York. *See* (ECF No. 39 at 1–2). During some of the relevant period, Plaintiffs were directly supervised by Mr. Marrion, who was "Vice President and Branch Manager of Erie's Silver Spring Branch." (ECF No. 27 ¶ 20.)

Plaintiffs allege that Defendants discriminated against them on the basis of race between 2002 and the termination of their agency agreements in 2020 by: (1) engaging in discriminatory lead distribution based on Ms. Ross's race and the race of the leads; (2) arbitrarily reducing Ms. Ross's commission; (3) imposing additional requirements on Plaintiffs; and (4) supervising Plaintiffs in a racially discriminatory manner. *See* (*id.* ¶¶ 15–24). On May 14, 2020, Mr. Marrion, acting on behalf of Defendants, issued a termination notice to Plaintiffs, which terminated two agency agreements dated January 23, 2012, and March 6, 2012, respectively. (*Id.* ¶ 18; ECF No. 39 at 6.) These notices indicated the termination, effective August 21, 2020, of the contractual relationships between Plaintiffs and Defendants. (ECF No. 27 ¶¶ 18, 19; ECF No. 27 Ex. A at 4; ECF No. 39 at 6–7.) On May 24, 2023, the Maryland Insurance Administration ("MIA") determined that Erie Defendants' termination of Plaintiffs' agency agreements violated Maryland Insurance Article §§ 27-503(d), (f). (ECF No. 27 ¶ 21; ECF No. 27 Ex. B; ECF No. 39 at 7–8.) The MIA's determination remains on appeal via a state administrative appeal process. (ECF No. 34-1 at 28; ECF No. 39 at 8.)

3

## II.    Procedural History

On November 2, 2022, Plaintiffs initially filed claims of violation of 42 U.S.C. § 1981; intentional interference with economic relations; and respondeat superior against several of the Defendant Erie Insurance Companies in a separate lawsuit, *Ross I*, Civ. No. JRR-22-2868, in the United States District Court for the District of Maryland.  (ECF No. 44 at 4); *see Ross I*, Civ. No. JRR-22-2868; (ECF No. 39 at 9–10).  *Ross I* was dismissed by Judge Rubin of this Court without prejudice on March 8, 2023, based on Plaintiffs' failure to exhaust their administrative remedies before the Maryland Insurance Administration.  (ECF No. 39 at 10); (Civ. No. JRR-22-2868, ECF No. 41 at 77–88).  Plaintiffs did not appeal that dismissal.

It was not until August 20, 2024, some one year and three months later, that Plaintiffs initiated the instant action by filing a three-Count Complaint in this Court, alleging against Defendants Erie Insurance Exchange; Erie Insurance Company; Erie Insurance Property & Casualty Company; Erie Family Life Insurance Company; Flagship City Insurance Company (collectively, "Entity Defendants"); and Mr. Marrion race discrimination in violation of § 1981 (Count I); intentional interference with economic relations (Count II); and respondeat superior (Count III).  (ECF No. 39 at 10.)  On March 31, 2025, this Court dismissed Plaintiff's claims but granted leave to amend the 42 U.S.C. § 1981 claim in Count I within fourteen days of that dismissal, i.e., by April 14, 2025.  (*Id.*)

On that fourteenth day of April 14, 2025, Plaintiffs filed the operative two-Count Amended Complaint alleging race discrimination in violation of 42 U.S.C. § 1981 against Entity Defendants and newly added Defendant Erie Insurance Company of New York (Count I) and against Mr. Marrion individually (Count II).  Defendants filed a Motion to Dismiss the

4

Amended Complaint (ECF No. 34), and, via Memorandum Opinion and Order dated February 9, 2026, this Court dismissed Plaintiffs' § 1981 claims with prejudice as time-barred. *See* (ECF No. 39 at 20, 23, 25–26; ECF No. 40).  Specifically, the Court determined that Plaintiffs' claims were untimely because actions under 42 U.S.C. § 1981 that allege post-contract discrimination and arose after 1990 are subject to "28 U.S.C. § 1658, which established a catchall *four*-year statute of limitations for federal claims 'arising under' any act of Congress that was enacted after December 1, 1990, unless the act provided its own statute of limitations.'" (ECF No. 39 at 14 (quoting *Chambers v. North Carolina Dep't of Just.*, 66 F.4th 139, 141–42 (4th Cir. 2023)).)  As this Court explained, "[u]nder federal law a cause of action accrues when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." (*Id.* (quoting *Nassim v. Warden, Md. House of Corr.*, 64 F.3d 951, 955 (4th Cir. 1995) (en banc)).)  Accordingly, unless a plaintiff shows a continuing violation, the statute of limitations for a § 1981 claim based on a discrete discriminatory act accrues at the time of that discriminatory act.  (*Id.* at 14–16.)

This Court held that Plaintiffs' claims were time-barred because they alleged discrete acts of discrimination that occurred at the latest when Plaintiffs received their termination letter on May 14, 2020.  (*Id.* at 16–20.)  Relatedly, this Court held that Plaintiffs' assertion of a continuing violation based on a discriminatory work environment that included termination did not render their claims timely because Plaintiffs received notice of the termination more than four years before they filed this action on August 20, 2024.  (*Id.* at 20–25.)  Finally, as this Court noted, Plaintiffs did *not* raise equitable tolling or "argue that their claim relates back to *Ross I* for the purposes of the parties' limitation dispute[.]" (ECF No. 39 at 10 n.14.)  This

Court then dismissed the matter with prejudice, and Plaintiffs filed a Notice of Appeal (ECF No. 41) on March 11, 2026.  That appeal remains pending before the U.S. Court of Appeals for the Fourth Circuit.

### III.    Plaintiffs' Pending Motions

On April 23, 2026, Plaintiffs filed the pending Rule 60(b) Motion and an accompanying Motion for Indicative Ruling.[2]  *See* (ECF No. 44, ECF No. 44-1).  In their Rule 60(b) Motion, Plaintiffs argue that they are entitled to relief under Rule 60(b)(6) based on three circumstances that, in combination, constitute extraordinary circumstances justifying relief: (1) the interplay between the "jurisdictional-type exhaustion dismissal" of *Ross I* and the limitations dismissal of this matter; (2) "prior counsel's failure to brief tolling/relation back"[3] as to the statute of limitations; and (3) the "civil rights merits already vindicated by the [Maryland Insurance Administration]."  *See* (ECF No. 44 at 6–8).  Plaintiffs then seek leave to file a Second Amended Complaint that—in their estimation—addresses relation-back to *Ross I*, discrete discriminatory acts that occurred as late as 2023, and equitable tolling based on the "jurisdictional-type dismissal" of *Ross I*.  (*Id.* at 9–11.)  They also contend that their proposed Second Amended Complaint addresses redlining standing and the personal involvement of

---

[2]  "Generally, 'a timely filed notice of appeal transfers jurisdiction of a case to the court of appeals and strips a district court of jurisdiction to rule on any matters involved in the appeal.'"  *Daulatzai v. Maryland*, 340 F.R.D. 99, 101 (D. Md. 2021) (quoting *Doe v. Pub. Citizen*, 749 F.3d 246, 258 (4th Cir. 2014).  Nevertheless, a court may exercise jurisdiction over a post-appeal Rule 60(b) motion where doing so would "promote judicial efficiency" and "aid[] the appellate process."  *Doe*, 749 F.3d at 258.  If "a district court is inclined to grant a Rule 60(b) motion during the pendency of an appeal," however, it "should 'indicate its inclination to grant the motion in writing'" rather than exercising jurisdiction to substantively address the motion.  *Daulatzai*, 340 F.R.D. at 102 (quoting *Fabian v. Storage Tech. Corp.*, 164 F.3d 887, 891 (4th Cir. 1999)).  Federal Rule Civil Procedure 62.1 provides the procedural vehicle by which a court may provide such an indicative ruling.  *Id.*

[3]  Although Plaintiffs' Rule 60(b) Motion references the mistakes of "prior counsel," all of the relevant filings— including the Amended Complaint (ECF No. 27), Response in Opposition to Defendants' Motion to Dismiss Amended Complaint (ECF No. 36), Notice of Appeal (ECF No. 31), and Plaintiff's pending Motions (ECF Nos. 44, 44-1))—have been filed by the same counsel.

Mr. Marrion. (*Id.* at 12–14.)  Defendants have responded in Opposition (ECF Nos. 47, 48), and Plaintiffs have replied (ECF No. 49).  This matter is now ripe for review.

## STANDARD OF REVIEW

### I.   Relief from Judgment Pursuant to Federal Rule Civil Procedure 60(b)

Under Rule 60(b), a party may be granted relief from judgment on motion for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; (6) any other reason that justifies relief.  Fed. R. Civ. P. 60(b).  In addition to making a showing under one of these enumerated grounds, a party seeking relief under Rule 60(b) must first show "timeliness, a meritorious position, lack of prejudice to the opposition, and exceptional circumstances."  *Aliff v. Joy Mfg. Co.*, 914 F.2d 39, 44 (4th Cir. 1990). Ultimately, it is within this Court's discretion to grant or deny a motion filed pursuant to Rule 60(b).  *See Nat'l Credit Union Admin. Bd. v. Gray*, 1 F.3d 262, 265 (4th Cir. 1993).

### II.   Indicative Ruling Pursuant to Federal Rule Civil Procedure 62.1

As previously explained in *Kravitz v. United States Department of Commerce*, 382 F. Supp. 3d 393 (D. Md. 2019), this Court retains limited jurisdiction to consider a motion for relief under Rule 60(b) even though an appeal is pending.  *Id.* at 397; *see Fobian v. Storage Tech. Corp.*, 164 F.3d 887, 891 (4th Cir. 1999) ("[W]hen a Rule 60(b) motion is filed while a judgment is on appeal, the district court has jurisdiction to entertain the motion, and should do so promptly.").  Pursuant to Rule 62.1, the Court may (1) defer considering the motion; (2) deny

the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.  Fed. R. Civ. P. 62.1.

## ANALYSIS

As the United States Supreme Court recently explained, "[r]elief under Rule 60(b)(6) requires exceptional circumstances.  That standard does not become less demanding when a Rule 60(b)(6) movant also hopes to amend his complaint."  *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 210 (2025).  Plaintiffs raise three issues that they claim create extraordinary circumstances justifying relief from judgment: (1) the relationship between the exhaustion-based dismissal in *Ross I* and the limitations dismissal in this case; (2) counsel's failure to brief arguments related to equitable tolling and relation back; and (3) the MIA's decision—presently pending state administrative appeal—that Erie Defendants violated Maryland law.  *See* (ECF No. 44 at 6–8).  Whether separately or in combination, these arguments do not establish the exceptional circumstances required for relief under Rule 60(b)(6).

The U.S. Court of Appeals for the Fourth Circuit has recognized that a plaintiff's "litigation strategy choices" generally are not an extraordinary circumstance justifying relief under Rule 60(b)(6).  *Aikens v. Ingram*, 652 F.3d 496, 502–503 (4th Cir. 2011); *see also Am. Lifeguard Ass'n v. Am. Red Cross*, 21 F.3d 421, 1994 WL 144321, at *2 (4th Cir. Apr. 22, 1994) (unpublished) ("Perhaps the most salient example of behavior that cannot constitute grounds for Rule 60(b) relief is the purposeful litigation decision of a party.").  Indeed, "Rule 60(b) exists to address circumstances beyond a party's control, not to provide a second chance for parties who made strategic choices that proved unsuccessful."  *Misjuns v. City of Lynchburg*, Civ. No. 6:21-cv-00025, 2026 WL 865751, at *4 (W.D. Va. Mar. 30, 2026); *see also Ackermann v.*

8

*United States*, 340 U.S. 193, 198 (1950) ("There must be an end to litigation someday, and free, calculated, deliberate choices are not to be relieved from."). Plaintiffs' Rule 60(b) Motion characterizes their decision not to raise arguments related to tolling and relation back as a "tactical choice by [Plaintiffs'] counsel."[4] (ECF No. 44 at 3.) In other words, Plaintiffs assert that they made purposeful litigation decisions that they now regret, but such decisions are insufficient grounds for Rule 60(b) relief.[5] *See Aikens*, 652 F.3d at 503.

Nor does Plaintiffs' counsel's asserted tactical choice become a basis for Rule 60(b)(6) relief in combination with other factors. The Supreme Court has explained that the risk of injustice to the parties may be an appropriate consideration when evaluating the applicability of Rule 60(b)(6) relief in some cases. *See, e.g.*, *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864 (1988) (discussing Rule 60(b)(6) in context of "determining whether a judgment should be vacated for a violation of [28 U.S.C.] § 455(a)"); *Buck v. Davis*, 580 U.S. 100, 123 (2017). Plaintiffs contend that the MIA has "determined, after a full administrative record, that 'Erie Defendants' termination of Plaintiffs' agency agreements impermissibly relied on loss ratios and proxy metrics in violation of Maryland Insurance Article §§ 27-503(d), (f)'" such that there is significant risk of injustice if Plaintiffs are not permitted to reopen this case to amend their complaint again. (ECF No. 44 at 8 (quoting ECF No. 39 at 7–8).) The MIA

---

[4] Indeed, as this Court noted in its Memorandum Opinion, Plaintiffs were on notice of the limitations issue at the time they filed their Amended Complaint because Defendants raised limitations arguments when seeking dismissal of the original Complaint. (ECF No. 39 at 26 n.22.)

[5] Plaintiffs appear to contend that their counsel's tactical decision not to raise tolling or relation back arguments constituted serious attorney misconduct akin to that at issue in *Holland v. Florida*, 560 U.S. 631 (2010). (ECF No. 44 at 7–8). *Holland* involved an attorney's failure to timely file a habeas petition for a criminal defendant who had been sentenced to death despite the defendant's repeated efforts to communicate with his attorney. 560 U.S. at 652. The Court distinguished such misconduct from "simple negligence," such as failing to file the "petition on time and appear[ing] to have been unaware of the date on which the limitations period expired." *Id.* at 652. The record in this case shows only failure to raise specific arguments as to certain exceptions to the relevant statute of limitations. Such "garden variety" "simple negligence" does not justify Rule 60(b) relief. *Id.*

issued the relevant Determination Letter, however, on May 24, 2023, more than a year before Plaintiffs filed their original Complaint in this matter on August 20, 2024. Put differently, Plaintiffs' counsel possessed all relevant information, including the MIA Determination Letter, at the time of their decisions (1) to file this matter on August 20, 2024, and (2) not to raise arguments or plead facts relevant to equitable tolling or relation back in the Amended Complaint filed April 14, 2025.[6]

Even assuming, *arguendo*, that Plaintiffs could establish extraordinary circumstances, they have not identified a meritorious reason to reopen this lawsuit. Plaintiffs argue that their proposed Second Amended Complaint addresses the limitations defense in three ways: (1) the relation-back doctrine; (2) newly added allegations pertaining to Commission Reduction Letters that Plaintiffs received from Defendants; and (3) equitable tolling. As an initial matter, this Court has already noted in its Memorandum Opinion dismissing this case with prejudice that the "relation-back" doctrine does not apply because "dismissal of an earlier suit . . . without prejudice does not authorize a subsequent suit brought outside of the otherwise binding period of limitations."[7]  (ECF No. 39 at 10 n.14 (quoting *Degross v. Off. Depot, LLC*, Civ. No. JKB-22-0291, 2023 WL 2456830, at *4 (D. Md. Mar. 10, 2023)).)

---

[6] Plaintiffs' assertion of injustice as a basis for extraordinary circumstances justifying Rule 60(b)(6) relief collapses into their ability to show that their claims are timely. Because, as explained above, their proposed amendments would not render their claims timely, they have not established injustice. *See, e.g., Est. of Boyland v. U.S. Dep't of Agric.*, No. 15-cv-01112 (TSC), 2021 WL 4502037, at *3 (D.D.C. Sep. 30, 2021) (denying Rule 60(b)(6) relief despite assertion of injustice where plaintiffs did not cure underlying standing deficiency).

[7]  Plaintiffs argue that the statute of limitations would have been tolled during the pendency of *Ross I* such that the limitations period would be extended some 124 days, rendering this action timely filed. (ECF No. 44 at 9.) To support this proposition, Plaintiffs cite *American Pipe & Construction Company v. Utah*, 414 U.S. 538 (1974), in which the Supreme Court discussed tolling in the context of intervention in class action lawsuits. In *American Pipe*, the Supreme Court explained that, in the context of a class action originally denied due to numerosity and joinder concerns, the limitations period for original putative class members as to a subsequent suit was tolled for the pendency of the original putative class action. *See id.* at 560–61. This matter, which is not a class action, is not subject to this rule.

Second, Plaintiffs' newly added allegations of ongoing commission disparities relating to Commission Reduction letters do not render the alleged discrete acts of discrimination—reduction of commission in 2012 and 2016 and termination in 2020—a continuing violation. *See* (ECF No. 44 at 10 (citing *Bazemore v. Friday*, 478 U.S. 385, 395 (1986) (per curiam))).  As courts have repeatedly recognized, a reduction in pay remains a discrete act even though it results in lower pay in each subsequent paycheck.  *See, e.g.*, *Murdock v. Wilson Trucking Corp.*, No. 1:05CV11194 (JCC), 2006 WL 208592, at *3 (E.D. Va. Jan. 24, 2026) ("An allegation of retaliatory demotion and reduction in pay clearly falls within this category of discrete actions . . . ."); *Knight v. Columbus, Ga.*, 19 F.3d 579, 585 (11th Cir. 1994) (surveying caselaw and treating "one-time wage reduction" as "a discrete act" for purposes of FLSA claim); *Almond v. Unified Sch. Dist. No. 501*, 665 F.3d 1174, 1177–78 (10th Cir. 2011) (treating "planned pay reductions" as discrete acts such that statute of limitations for ADEA claim accrued when plaintiffs had notice of the planned reduction); *Hendrix v. City of Yazoo City, Miss.*, 911 F.2d 1102, 1105 (5th Cir. 1990) (holding that "reduction in pay was itself the violation; subsequent pay packets simply gave it continuing effect in a facially neutral manner" such that statute of limitations for FLSA claim accrued at time of initial reduction).  Relatedly, this Court already explained in its Memorandum Opinion dismissing Plaintiffs' claims that Erie's alleged ongoing refusal to comply with the MIA order "cannot form an anchor event for the purposes of the continuing violation doctrine" because termination is a discrete act.  (ECF No. 39 at 22.)  For limitations purposes, the alleged termination occurred when Plaintiffs received the termination notice on May 14, 2020, which was more than four years before Plaintiffs initiated this action

11

in August 2024. Thus, claims related to the termination are time-barred. *See, e.g.* (ECF No. 39 at 11, 22 & n.19); *U.S. EEOC v. Phase 2 Invs., Inc.*, 310 F. Supp. 3d 550, 575 (D. Md. 2018).

Finally, Plaintiffs have not established that equitable tolling based on the pendency of *Ross I* is appropriate. *See* (ECF No. 44 at 11). "Equitable tolling is 'a discretionary doctrine that turns on the facts and circumstances of a particular case.'" *Warfaa v. Ali*, 1 F.4th 289, 294 (4th Cir. 2021) (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)). To demonstrate that equitable tolling should apply, "a litigant must establish '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Id.* (quoting *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 255 (2016)). In other words, equitable tolling should only apply where, "due to circumstances external to the party's own conduct . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id.* (quoting *Harris*, 209 F.3d at 330).

Courts have repeatedly rejected the assertion that, absent additional extraordinary circumstances, dismissal of an original complaint alone justifies equitable tolling in discrimination cases. *See, e.g.*, *O'Donnell v. Vencor, Inc.*, 466 F.3d 1104, 1111 (9th Cir. 2006) (explaining that even assuming equitable tolling were appropriate, dismissal of an original "complaint does not 'toll' or suspend the 90-day limitations period" (quoting *Minnette v. Timer Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993)); *Lee v. Cook Cnty., Ill.*, 635 F.3d 969, 972–73 (7th Cir. 2011) (dismissal without prejudice of original action is not an extraordinary circumstance sufficient to justify equitable tolling in Title VII case); *Chico-Velez v. Roche Prods., Inc.*, 139 F.3d 56, 58, 59 (1st Cir. 1998) (collecting cases); *see also Crabill v. Charlotte Mecklenburg Bd. of Educ.*,

12

423 F. App'x 314, 321–22 (4th Cir. 2011) (applying equitable tolling in Title VII case because plaintiff offered sworn statement that she never received notice from EEOC despite diligently checking mail). In this case, Plaintiffs have not shown that the dismissal of *Ross I* based on administrative exhaustion, which they elected not to appeal, constitutes an extraordinary circumstance beyond their control.

Even if such dismissal *were* an extraordinary circumstance, Plaintiffs have not established that they diligently pursued their claims. *See Credit Suisse Sec. (USA), LLC v. Simmonds*, 566 U.S. 221, 227 (2012). The MIA issued its Determination Letter regarding discrimination as to the termination of Plaintiffs' agency agreements in May 2023, more than a year before Plaintiffs filed this action.[8] That is, Plaintiffs waited more than a year after receiving that letter to file their claims in this action. Thus, Plaintiffs have not met their burden to establish diligence. *See, e.g.*, *Thomas v. Prince George's Cnty. Pub. Schs.*, Civ. No. TJS-20-2481, 2021 WL 5166371, at *3 (D. Md. Nov. 5, 2021) (declining to apply equitable tolling where plaintiff did not allege facts to show diligence because she failed to allege "when she first attempted to file a charge of discrimination with the EEOC" or "how long she waited for the EEOC to respond to her requests for information and forms"). Plaintiffs have not established the extraordinary circumstances required to justify relief under Rule 60(b)(6).

---

[8] It does not appear that Plaintiffs' decision to wait until August 2024 to initiate this action was based on any pending MIA proceeding: the MIA issued its Determination letter in May 2023, which presently remains on appeal, and the MIA did not issue its Market Conduct Report until January 23, 2025, nearly five months after Plaintiffs filed their original Complaint in this matter. *See* (ECF No. 27-1 at 20–108).

## CONCLUSION

For the reasons stated above, it is this 10th day of June 2026 hereby ORDERED that

1. Plaintiffs' Motion for Relief from Final Judgment Under Federal Rule Civil Procedure 60(b)(6) (ECF No. 44) is DENIED;

2. Plaintiffs' Motion for Indicative Ruling (ECF No. 44-1) is DENIED; and

3. The Clerk of this Court shall transmit a copy of this Memorandum Order to counsel of record in this matter.

/s/

Richard D. Bennett
United States Senior District Judge